USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIANNAA SCODTT,

                Plaintiff,

-against-

THE CITY OF NEW YORK,

                Defendant.

1:24-cv-02132 (MKV)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Kiannaa Scodtt, proceeding *pro se*, brought this action against Defendant City of New York asserting employment discrimination claims based on her religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), after she was placed on leave without pay when she failed to comply with the New York City Vaccine Mandate. The Court also previously construed Plaintiff's Complaint as asserting claims under the New York State Human Rights Laws ("NYSHRL") and New York City Human Rights Laws ("NYCHRL"), *see* ECF No. 6, and does so again for purposes of construing Plaintiff's Amended Complaint ("AC"). *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that where a *pro se* plaintiff's factual allegations supported claims under "well-known" provisions of state law, district courts must construe the complaint as asserting claims under those laws, "regardless of [plaintiff's] failure to check the appropriate blank on a form complaint").

    Before the Court is Defendant's motion to dismiss the Amended Complaint as untimely and, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a cause of action for discrimination and failure to accommodate under Title VII. Defendant does not move to dismiss or address Plaintiff's claims under the NYSHRL and NYCHRL. For the reasons set forth below, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

1

## BACKGROUND

### I. Factual Background[1]

On August 31, 2021, Mayor De Blasio issued Executive Order No. 78, which directed that City employees were required to be vaccinated against COVID-19 or submit proof of a negative COVID-19 PCR diagnostic test on a weekly basis. Pl. Opp. at 2. Thereafter, the former Commissioner of the New York City Department of Health and Mental Hygiene issued a Commissioner's Order requiring all New York City employees to submit proof of at least one dose of vaccination against COVID-19. Pl. Opp. at 3.

Plaintiff, who is a caseworker employed by Defendant, Pl. Opp. at 1, refused to be vaccinated, Pl. Opp. at 3, 6, and was placed on leave without pay pending termination. Pl. Opp. at 3. She alleges that she was discriminated against by Defendant based on her religion in violation of Title VII. AC at 3. Specifically, Plaintiff further alleges that "the covid-19 vaccine was developed using fetal cell lines from aborted babies" and because she "believes that Abortion is murder and murder goes against the Old Testament," being forced to receive the COVID-19 vaccination would violate her religious beliefs. Pl. Opp. at 6. Plaintiff alleges that she "does not agree or wish to participate in anything concerning abortion for religious reasons." Pl. Opp. at 6.

Plaintiff claims that she requested a reasonable accommodation from Defendant regarding the COVID-19 vaccine mandate, but her accommodation request was denied. AC at 5; Pl. Opp. at 4. Plaintiff states that she subsequently filed an appeal which was also denied. AC at 5. Plaintiff alleges that she was then forcibly placed on leave without pay from June 2022 until June 2023

---

[1] The facts stated herein are drawn from Plaintiff's Amended Complaint, [ECF No. 21], and are assumed to be true for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court has, in its discretion, considered factual allegations made in the *pro se* plaintiff's opposition papers, [ECF No. 28, ("Pl. Opp.")] in conjunction with those alleged in the Amended Complaint. *See Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion.")

pending termination. AC at 5; Pl. Opp. at 4. Plaintiff asserts that in June 2023, she received an email that she could return to work, but that she did not receive any back pay and missed out on bonuses. AC at 5; Pl. Opp. at 5.

Plaintiff seeks backpay with interest for her lost salary and undetermined money damages for pain and suffering. AC at 5. Specifically, Plaintiff alleges that she suffered a nervous breakdown because of her loss of income. AC at 6.

## II. Procedural History

Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on September 19, 2022. AC at 6; *see also* AC, Ex. 3. Thereafter, the EEOC issued a Notice of Right to Sue which is dated September 14, 2023. AC at 6; *see* AC, Ex. 1. However, Plaintiff alleges that she did not receive, open, or download the Notice of Right to Sue from the online portal until December 21, 2023. AC at 5; Pl. Opp. at 4–5.

Plaintiff commenced this action on March 20, 2024 by filing a Complaint, [ECF No. 1], and subsequently, with leave of the Court, [ECF No. 18], filed an Amended Complaint. [ECF No. 21]. Thereafter, Defendant moved to dismiss the Amended Complaint as untimely and for failure to state a claim. [ECF No. 24]. In support, Defendant submitted a memorandum of law, [ECF No. 25, ("Def. Mem.")], and Plaintiff opposed. [ECF No. 28].

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court must accept as true "all well-

pleaded factual allegations" and draw all reasonable inferences in favor of the non-moving party, but does "not consider conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. von Blanckensee*, 994 F.3d 95, 101 (2d Cir. 2021) (internal quotations and citations omitted); *see also Iqbal*, 556 U.S. at 664 (while a court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice")

In considering a motion to dismiss, the Court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999); *see also Offor v. Mercy Med. Ctr.*, No. 21-CV-2115, 2023 WL 2579040, at *1 (2d Cir. Mar. 21, 2023) (summary order), *cert. denied*, 144 S. Ct. 87 (2023). However, a district court may, in its discretion, consider factual allegations made in a *pro se* plaintiff's opposition papers in addition to those alleged in the Complaint. *See Walker*, 717 F.3d at 122 n.1 ("A district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion."); *see also George v. Pathways to Hous., Inc.*, No. 10-CV-9505, 2012 WL 2512964, at *6 n.7 (S.D.N.Y. June 29, 2012); *accord Dawkins v. Biondi Educ. Ctr.*, 164 F. Supp. 3d 518, 521 n.1 (S.D.N.Y. 2016) (collecting cases).

Furthermore, in reviewing a *pro se* complaint, the Court must be mindful to construe Plaintiff's complaint liberally and to afford the "special solicitude by interpreting a complaint filed pro se to raise the strongest claims that it suggests." *Trisvan v. Mildred Elley Sch.*, No. 24-CV-475, 2024 WL 5244846, at *1 (2d Cir. Dec. 30, 2024) (summary order); *see also Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d

66, 72 (2d Cir. 2009) (even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

## DISCUSSION

I. **Plaintiff's Original Complaint Was Timely Filed Under the 90-day Limitation Rule**

Under Title VII, "a claimant may bring suit in federal court only if [she] has filed a timely complaint with the EEOC and obtained a right-to-sue letter." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (citing 42 U.S.C. § 2000e-5(e) and (f)). To be timely a claim under Title VII must be filed "in federal court within 90 days of receiving a right-to-sue letter from the agency." *Duplan v. City of New York*, 888 F.3d 612, 622 (2d Cir. 2018). Courts in this district strictly enforce the 90-day limitation period, *see Okoampa-Ahoofe v. Johnson & Higgins*, No. 99-CV-5820, 2000 WL 1471552, at *2 (S.D.N.Y. Sept. 29, 2000) (collecting cases), and this is true even for *pro se* litigants. *See Perez v. Mason Tenders Dist. Council Tr. Funds*, No. 17-CV-1022, 2017 WL 5125542, at *3 (S.D.N.Y. Nov. 1, 2017), *aff'd*, 742 Fed. App'x 584 (2d Cir. 2018) (summary order) ("Although *pro se* plaintiffs are entitled to leniency in other areas of litigation, the case law is clear: The 90-day deadline is strictly enforced against represented and *pro se* plaintiffs alike. If a *pro se* plaintiff misses her deadline by a few days, or even one day, her action must be dismissed as untimely.").

The time to file runs from the plaintiff's receipt of the right-to-sue letter. *See Joseph v. Cnty. of Westchester*, No. 24-523, 2025 WL 1088429, at *1 (2d Cir. Apr. 11, 2025) (summary order) (citing 42 U.S.C. § 2000e-5(f)(1)). The Second Circuit has articulated that "[i]n order to determine the date of receipt of the letter, 'normally it may be assumed . . . that a notice provided by a government agency has been mailed on the date shown on the notice' and 'that a mailed document is received three days after its mailing.' " *Orsaio v. New York State Dep't of Corr. &*

5

*Cmty. Supervision*, No. 22-596, 2023 WL 3410554, at *1 (2d Cir. May 12, 2023) (summary order) (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996)).  To overcome this presumption, plaintiff must present "sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail."  *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011).

Here, the Notice of Right to Sue is dated September 14, 2023.  AC at 6; *see* AC, Ex. 1.  As explained above, the time to file runs from the plaintiff's receipt of the right-to-sue letter, *Joseph*, 2025 WL 1088429, at *1, which pursuant to Second Circuit precedent is presumed to be about three days after the date on the Notice of Right to Sue.  *See Orsaio*, 2023 WL 3410554, at *1.  Under this presumption, Plaintiff likely would have received notice on or about September 17, 2023.  Therefore, to be timely under the 90-day rule, Plaintiff would have had to file her complaint on or before December 16, 2023.  However, the initial Complaint in this action was filed 188 days later, on March 20, 2024.  [ECF No. 1].  Defendant argues that this action was not filed within the 90-day limitation period as required and thus is untimely and must be dismissed.  Def. Mem. at 6.

Plaintiff alleges in her Amended Complaint that she did not receive the Notice of Right to Sue until December 21, 2023, AC at 6, when she received an email from the EEOC that stated that her that her notice of right to sue was "release[d] via the public portal" and her 90-day time to file started when she downloaded the document.  AC, Ex. 1.  Plaintiff alleges that on that same date she accessed the public portal and opened and downloaded the document.  Pl. Opp. at 4–5. Plaintiff argues that therefore the time to file started on that day and her complaint filed was timely filed on March 20, 2024.  *See* Pl. Opp. at 4–5.  Accepting as true the allegations in the Amended Complaint that Plaintiff did not receive the right to sue letter until December 21, 2023, the original

6

Complaint was timely filed.  This is because the time to file runs from Plaintiff's receipt of the notice, *see Joseph*, 2025 WL 1088429, at *1, and "courts in this circuit have repeatedly held that an allegation of the date of receipt of a right-to-sue letter must be credited as true on a motion to dismiss."  *Agapov v. UBIF Franchising Co.*, No. 23-CV-02178, 2024 WL 5118408, at *3 (S.D.N.Y. Dec. 16, 2024) (quoting *Rivera v. Children's & Women's Physicians of Westchester, LLP*, No. 16-CV-00714, 2017 WL 1065490, at *9 (S.D.N.Y. Mar. 18, 2017) (collecting cases)).  Under this authority, the Court finds, at least at this stage, based on Plaintiff's allegations of when she received the right to sue letter that the Complaint was timely filed within the 90-day limitations period.  This later may be proven false, but accepting the allegations of receipt of the notice as true, as the Court must at this stage, the Court cannot conclude as a matter of law that this action is untimely.

## II. Plaintiff's Title VII Claims

Title VII prohibits an employer from discriminating "against any individual . . . because of such individual's . . . religion . . . ."  42 U.S.C. § 2000e-2(a)(1).

### A. *Title VII Failure to Accommodate Claim*

Title VII provides that "[t]he term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business."  42 U.S.C. § 2000e(j).  Thus, it is "an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue

hardship, for the religious practices of [its] employees . . . ." *Baker v. The Home Depot*, 445 F.3d 541, 546 (2d Cir. 2006) (quoting *Trans World Airlines. Inc. v. Hardison,* 432 U.S. 63, 74 (1977)).

A plaintiff asserting a failure to accommodate claim must show that "(1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employers of this belief; and (3) [she was] disciplined for failure to comply with the conflicting employment requirement." *Russo v. Patchogue-Medford Sch. Dist.*, 129 F.4th 182, 185–86 (2d Cir. 2025) (quoting *Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001) (alterations in original); *see also D'Cunha v. Northwell Health Sys.*, No. 23-476-CV, 2023 WL 7986441, at *2 (2d Cir. Nov. 17, 2023) (summary order).  An employer does not violate Title VII, however, if it can show that the prospective accommodation 'would cause the employer to suffer an undue hardship.' " *D'Cunha*, 2023 WL 7986441, at *2 (quoting *Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002)); *see also Algarin v. N.Y.C. Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 508 (S.D.N.Y. 2023), *aff'd*, No. 23-1063, 2024 WL 1107481 (2d Cir. Mar. 14, 2024) (summary order) (quoting *Knight*, 275 F.3d at 167).

Defendant's arguments for dismissal focus solely on Plaintiff's failure to establish a *prima face* case and do not address undue hardship.  *See generally* Def. Mem.  Defendant does not dispute, nor could it, that Plaintiff informed her employer of her religious beliefs since she alleged that she submitted an accommodation request to her employer regarding the vaccination requirement based on her religious beliefs.  That is sufficient to satisfy the second requirement. *See Gaskin-El v. 1199SSEIU Nat'l Benefit Fund*, No. 24-CV-1169, 2025 WL 552044, at *5 (S.D.N.Y. Feb. 19, 2025) ("Plaintiff plainly informer her employer of her religious belief by submitting [] a written request for a religious accommodation").  Instead, Defendant disputes, and therefore the Court focuses its analysis on, the first and third requirements, *i.e* that Plaintiff had a

*bona fide* religious belief, Def. Mem. at 9–10, and that she was disciplined for failure to comply with the conflicting requirement. Def. Mem. at 8–9.

        i.    *First Requirement: Bona Fide Religious Belief*

The inquiry as to whether a plaintiff's belief is religious is twofold: "whether the beliefs professed by a [plaintiff] are sincerely held and whether they are, in his own scheme of things, religious." *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984). The Supreme Court and the Second Circuit have warned that courts have a limited function in determining whether beliefs are religious and thus protected. *See, e.g., Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 714 (1981); *Friedman v. Clarkstown Cent. Sch. Dist.*, 75 F. App'x 815, 818 (2d Cir. 2003) (summary order).

As an initial matter, the first inquiry, *i.e.* the sincerity of Plaintiff's religious beliefs, is a "factual question best resolved at summary judgment or trial." *See Gardner-Alfred v. Fed. Rsrv. Bank of New York*, 651 F. Supp. 3d 695, 721–22 (S.D.N.Y. 2023); *see also Balchan v. New Rochelle City Sch. District*, No. 23-CV-06202, 2024 WL 2058726, at *6 (S.D.N.Y. May 7, 2024).

For the second inquiry, *i.e.* whether the purported beliefs are religious, Plaintiff has sufficiently alleged her beliefs were religious in nature. Defendant is correct that the face of the Amended Complaint does not contain any factual allegations indicating that Plaintiff held a *bona fide* religious belief conflicting with the employment requirement of receiving the COVID-19 vaccine. However, the Charge of Discrimination submitted to the EEOC which was attached to the Amended Complaint clearly states that Plaintiff has a "sincerely held religious beliefs that my employers COVID-19 Vaccine Mandate conflicts." AC, Ex. 3. Specifically, Plaintiff states that "[t]he ingredients of the vaccine contain aborted fetal cell lines" and she does not "believe in abortions and putting that in my body is not an option because its contents are contrary to my

9

sincerely held religious beliefs." *See* AC, Ex. 3.  Furthermore, given that the Court "may consider factual allegations made by a pro se party in [her] papers opposing the motion," *Walker,* 717 F.3d at 122 n.1, there is further support that Plaintiff's opposition to the COVID-19 vaccine was based on a belief that is religious in nature.  *See* Pl. Opp. at 5.  In particular, Plaintiff in opposing Defendant's motion to dismiss states that Plaintiff "believes that Abortion is murder and murder goes against the Old Testament commandment 'Thou shall not murder' " and since "[t]he covid-19 vaccine was developed using fetal cell lines from aborted babies," receiving the vaccine would conflict with her religious beliefs.  Pl. Opp. at 5.

These allegations are sufficient to establish that Plaintiff had a *bona fide* religious belief. *See Gardner-Alfred*, 651 F. Supp. 3d at 721–22 (concluding that the Amended Complaint sufficiently stated a "nexus between the objection to immunization and [plaintiff's] own religious beliefs" because the plaintiff alleged she was "baptized Catholic and believes . . . there is a 'moral duty to refuse the use of medical products, including certain vaccines, that are created using human cell lines derived from abortion' "); *Haczynska v. Mount Sinai Health Sys., Inc.*, 738 F. Supp. 3d 300, 310 (E.D.N.Y. 2024) (plaintiff sufficiently stated a *prima facie* case where she "cited her strong religious beliefs as a Roman Catholic and asserted that the vaccines went against her sincerely held religious beliefs because they were produced using fetal cell lines derived from aborted fetuses"); *see also Gaskin-El*, No. 24-CV-1169, 2025 WL 552044, at *6 (S.D.N.Y. Feb. 19, 2025) (collecting cases).  Therefore, Plaintiff has alleged sufficient facts to satisfy the first requirement of a failure to accommodate claim.

  ii. Third Requirement: Disciplined For Failure to Comply

Defendant argues that "where an employee fails to meet a condition of her employment, placement on leave without pay ("LWOP") and termination does not constitution discipline."  Def.

Mem. at 8. In support, Defendant cites to a number of cases that concluded that a vaccination requirement is a lawful condition of employment in the context of due process challenges. *See* Def. Mem. at 8. However, in the context of a Title VII failure to accommodate claim Defendant's argument is incorrect. *See Rizzo v. New York City Dep't of Sanitation*, No. 23-CV-7190, 2024 WL 3274455, at *3 (S.D.N.Y. July 2, 2024) (concluding that the City's contention that the plaintiff failed "to satisfy the third prong of the *prima facie* test because following the vaccine mandate was a mandatory condition of employment, and termination for failure to satisfy a qualification of employment is not discipline" was "just flat wrong") (collecting cases).

Numerous courts in this Circuit have concluded the same and found that similar allegations as those alleged here were sufficient to establish the third requirement of a *prima facie* case of failure to accommodate. *See Algarin*, 678 F. Supp. 3d at 509, *aff'd sub nom. Algarin*, 2024 WL 1107481 ("Allegations of termination of employment for failure to comply with the conflicting employment requirement of mandatory vaccination are sufficient to plead the final element of the *prima facie* case of religious discrimination for failure to accommodate."); *Nanakumo v. New York City Health & Hosps. Corp.*, No. 23-CV-00314, 2025 WL 919479, at *6 (S.D.N.Y. Mar. 26, 2025) (concluding "it is plausible that Plaintiff's eventual termination following the end of his unpaid leave constitutes disciple for failure to comply with the vaccine requirement"); *Addonizio v. Nuvance Health*, No. 23-CV-1582, 2024 WL 2958795, at *6 (S.D.N.Y. June 11, 2024) (allegations that Plaintiff was terminated for failing to comply with the employer's vaccine mandate was sufficient to establish the final element in a *prima facie* case); *Greenberg v. Visiting Nurse Servs. in Westchester, Inc.*, No. 23-CV-4252, 2024 WL 4252550, at *6 (S.D.N.Y. Sept. 19, 2024) (concluding that being placed "on administrative leave without pay and ultimately terminated" when plaintiff did not receive any COVID-19 vaccine" established the third

requirement of a *prima facie* case); *Corrales v. Montefiore Med. Ctr.*, No. 22-cv-3219, 2023 WL 2711415, at *5–6 (S.D.N.Y. Mar. 30, 2023) (finding a *prima facie* case for failure to accommodate religious discrimination claim was satisfactorily pled where plaintiff alleged that she had a *bona fide* religious belief that conflicted with the COVID-19 vaccination requirement, informed her healthcare employer of it, and her employment was terminated); *Jackson v. New York State Off. of Mental Health - Pilgrim Psychiatric Ctr.*, No. 23-CV-04164, 2024 WL 1908533, at *6 (E.D.N.Y. May 1, 2024) (allegations of suspension without pay and termination because she declined to take the COVID-19 vaccine is sufficient to plead the third requirement of a *prima facie* case of religious discrimination for failure to accommodate). These are only a handful of the numerous decisions by district courts in this Circuit that have concluded that allegations substantially similar to those that Plaintiff has made here are sufficient to establish the third requirement of a *prima facie* case of discrimination for failure to accommodate under Title VII.

Because the Court has concluded that Plaintiff has sufficiently alleged a *prima facie* case of failure to accommodate in violation of Title VII, the burden shifts to Defendant to demonstrate that it offered Plaintiff a reasonable accommodation or that offering a reasonable accommodation was impossible because it would cause undue hardship. *See Baker*, 445 F.3d at 546; *see also Cagle v. Weill Cornell Med.*, 680 F. Supp. 3d 428, 435 (S.D.N.Y. 2023) ("If the employee is able to make out a *prima facie* case, the burden shifts to the employer to show that it either offered the employee a reasonable accommodation or that doing so would cause an undue burden."). Here, Defendant's motion to dismiss only addressed Plaintiff's *prima facie* case and did not raise any argument regarding whether it offered a reasonable accommodation or whether doing so would have resulted in undue hardship. Thus, Plaintiff's claims for failure to accommodate pursuant to Title VII survive Defendant's motion to dismiss.

## B. *Title VII Disparate Treatment Discrimination Claim*

Given the Court's obligation to construe Plaintiff's claims liberally, the Court construes her allegations that Defendant discriminated against her in violation of Title VII when it provided her with terms and conditions of employment different from similarly situated employees as a claim for discrimination based on a theory of disparate treatment. *See* AC at 5.

Plaintiff may demonstrate that her employer discriminated against her through disparate treatment in violation of Title VII under the *McDonnell Douglas* framework by establishing "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000); *see also Barrett v. Forest Lab'ys, Inc.*, 39 F. Supp. 3d 407, 426 (S.D.N.Y. 2014). However, at the pleading stage a plaintiff "is not required to plead a *prima facie* case under *McDonnell Douglas*" and instead only needs to "give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quotations omitted); *see also Makhsudova v. City of New York*, No. 20-CV-10728, 2022 WL 1571152, at *6 (S.D.N.Y. May 18, 2022).

"The burden of establishing a prima facie case of disparate treatment is not onerous." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Plaintiff must allege facts that demonstrate "that the employer took adverse action against [her] at least in part for a discriminatory reason, and [she] may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 803 F.3d at 87; *see also Natofsky v. City of New York*, 921 F.3d 337, 347 (2d Cir. 2019). "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in [discriminatory] terms; or

13

its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015) (internal quotations and citations omitted).

Even when drawing all reasonable inferences from her allegations in favor of Plaintiff, as the Court must on a motion to dismiss, *see Dixon*, 994 F.3d at 101, Plaintiff has not carried her burden of asserting "nonconclusory factual matter sufficient to nudge [her] claims across the line from conceivable to plausible to proceed.' " *Johnson v. Rockland Cnty. BOCES*, No. 21-CV-3375, 2022 WL 4538452, at *10 (S.D.N.Y. Sept. 28, 2022) (quoting *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014)). Specifically, Plaintiff has failed to plead any non-conclusory facts that Defendant took any alleged adverse action against her that *were motivated*, at least in part, by her religion or religious beliefs. *See Vega*, 803 F.3d at 86. The face of Plaintiff's Amended Complaint alleges no facts from which the Court can conclude that there was a plausible inference of discrimination. Moreover, the one exhibit attached to the Amended Complaint (Plaintiff's EEOC Discrimination Charge) that even remotely touches on this point merely states that her "employer has discriminated against [her] because of [her] religion." AC, Ex. 3. This is wholly conclusory and devoid of any factual allegations to support such a conclusion. *See Majied v. N.Y.C. Dep't of Educ.*, No. 16-CV-5731, 2018 WL 333519, at *3 (S.D.N.Y. Jan. 8, 2018) (finding that "[plaintiff's] subjective belief that she was treated differently on account of [her protected class] is plainly not enough to state a claim" and that dismissal was appropriate because "plaintiff [had] not pled any connection between [her protected class] and an adverse employment action"). Similarly, Plaintiff's opposition to Defendant's motion to dismiss merely states that "she was forcibly placed on LWOP due to religion." But Plaintiff provides no factual allegations to support

this conclusion, and the Court need not consider or accept as true these "conclusory allegations or legal conclusions couched as factual allegations." *Dixon*, 994 F.3d at 101; *Iqbal*, 556 U.S. at 664 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Although Plaintiff attempts to allege facts to show that she was provided "with terms and conditions of employment different from similar employees," Pl. Opp. at 5; AC at 5, Plaintiff falls short of alleging facts that give rise to an inference of discrimination. Crucially, Plaintiff does not allege facts that show "more favorable treatment of employees *not* in [her] protected group," to raise an inference of discrimination. *Littlejohn*, 795 F.3d at 312 (emphasis added). Instead, Plaintiff points only to another employee who was "a member of the *same* religious congregation as Plaintiff," Pl. Opp. at 5 (emphasis added), who allegedly received more favorable treatment (a religious accommodation). Thus, the only allegedly similarly situated employee that Plaintiff relies on to support an inference of discrimination is actually a member of her same protected group. This severely undercuts Plaintiff's claim that her religion was a motivating factor in Defendant's decision to place her on leave without pay pending termination. *See Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3625 2013 WL 3968748, at *10 (E.D.N.Y. July 30, 2013) (explaining that any inference of discrimination is "discredited" because Plaintiff's similarly situated comparators who were treated more favorably and not terminated were a member of Plaintiff's same protected class) (collecting cases); *see also Assue v. UPS, Inc.*, No. 16-CV-7629, 2018 WL 3849843, at *14 (S.D.N.Y. Aug. 13, 2018) (same).

Nor does the Amended Complaint assert that Plaintiff's "performance [was criticized] in [religiously] degrading terms" or that "invidious comments" were made "about others in [her] protected group." *Littlejohn*, 795 F.3d at 312; *see also D'Cunha v. Northwell Health Sys.,* No.

15

1:22-CV-0988 (MKV), 2023 WL 2266520, at *2 (S.D.N.Y. Feb. 28, 2023), *aff'd*, No. 23-476-CV, 2023 WL 7986441 (2d Cir. Nov. 17, 2023); *see also Mumin v. City of New York*, No. 1:23-CV-03932, 2024 WL 5146085, at *11 (S.D.N.Y. Dec. 17, 2024) (dismissing plaintiff's disparate treatment claim because the "general allegations" of disparate treatment were "unsupported by factual detail") (collecting cases).

Plaintiff has failed to sufficiently allege facts that raise a plausible inference of discrimination, and thus her disparate treatment Title VII religious discrimination claim must be dismissed. *See Montgomery v. New York Presbyterian Hosp.*, No. 23-CV-9201, 2025 WL 240733, at *2 (S.D.N.Y. Jan. 17, 2025) (dismissing *pro se* Plaintiff's complaint at the motion to dismiss stage because "the limited facts pled do not remotely support an inference that [the employer's] denial of [the plaintiff's] request for a blanket exemption from the New York State COVID-19 vaccine mandate was motivated by her religion.").

### III.    Futility of Further Amendment

Defendant filed a pre-motion letter requesting leave to file the pending motion to dismiss. [ECF No. 17]. In response, the Court issued an Order directing Plaintiff to file a letter informing the Court whether Plaintiff intends to file an amended complaint and warning Plaintiff that it would be her last opportunity to amend in response to any issue raised by Defendant's letter. [ECF No. 18]. In response Plaintiff informed the Court that she would file an amended complaint [ECF No. 19] and she subsequently did so. [ECF No. 21]. Therefore, since Plaintiff was already provided the opportunity to amend her complaint in response to Defendant's arguments, the Court finds that granting further leave to amend here would be futile. *See Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) (citing *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006)). Furthermore, Plaintiff did not request further leave to amend in opposing Defendant's motion. *See*

16

*Felder v. United States Tennis Ass'n*, 27 F.4th 834, 848 (2d Cir. 2022) ("[W]e certainly see no error or abuse of discretion in the District Court's dismissal of Felder's complaint with prejudice, as Felder did not request leave to re-amend."). Accordingly, the dismissal of her Title VII discrimination claim based on a theory of disparate treatment is with prejudice.

## CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that Defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's disparate treatment discrimination claim under Title VII is dismissed with prejudice for failure to state a claim pursuant to Rule 12(b)(6). Plaintiff's failure to accommodate under Title VII claim may proceed. Additionally, since Defendant did not move to dismiss Plaintiff's claims under the NYSHRL and NYCHRL those claims also remain viable. IT IS FURTHER ORDERED that on or before October 29, 2025 the parties shall file on the public docket a joint Proposed Case Management Plan and Scheduling Order and joint letter, as required by this Court's Individual Rules of Practice.

The Clerk of Court is respectfully requested to terminate docket entry 24 and mail a copy of this Opinion and Order to Plaintiff.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied for ant such appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Date: **September 3, 2025**　　　　　　　　　　　　　　　　　　**MARY KAY VYSKOCIL**
　　　**New York, NY**　　　　　　　　　　　　　　　　　　　　**United States District Judge**